**FILED**
**Jul 17, 2019**
**10:40 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **TIMOTHY HOSS,** | ) | **Docket Number: 2018-02-0051** |
| Employee, | ) | |
| v. | ) | |
| **ASR METALS,** | ) | **State File Number: 87088-2014** |
| Employer, | ) | |
| and | ) | |
| **TECHNOLOGY INSURANCE** | ) | **Judge Brian K. Addington** |
| **COMPANY,** | ) | |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER

This case came before the Court on July 15, 2019, on Mr. Hoss's request for medical benefits, mileage reimbursement and attorney's fees. For the following reasons, the Court holds Mr. Hoss is entitled the requested medical benefits and mileage.

## Claim History

On October 29, 2014, Mr. Hoss was involved in a motor vehicle accident while working for ASR. He injured his back, left shoulder and right knee. Mr. Hoss sought treatment from Dr. Morgan Lorio among others. On November 20, 2018, Dr. Lorio saw Mr. Hoss for an office visit and an x-ray of his shoulder. He received a bill of $437.00 for the visit and x-ray. ASR stipulated at the hearing that the treatment Mr. Hoss received on November 20 was authorized and should be paid.

ASR further agreed that it previously paid for 756 miles of Mr. Hoss's 2,712-mile mileage request. The parties stipulated that Mr. Hoss should be compensated for the remaining miles at a rate of forty-seven cents per mile or $919.32.

1

## Findings of Fact and Conclusions of Law

At an Expedited Hearing, Mr. Hoss must present sufficient evidence to prove he is likely to succeed at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018).

Turning first to the mileage reimbursement, an injured worker is eligible for this when he is required to travel more than fifteen miles from his home or workplace for authorized medical treatment. *See* Tenn. Code Ann. § 50-6-204(6)(A). ASR conceded that it paid Mr. Hoss for only 756 miles of the total requested amount. Based on the parties' stipulation, Mr. Hoss is entitled to reimbursement for the remaining 1,956 miles.

Next, concerning medical benefits, Tennessee Code Annotated section 50-6-204(a)(1)(A) provides that the employer shall furnish medical treatment free of charge as ordered by the attending physician. ASR recognized Dr. Lorio as the authorized treating physician and did not dispute the reasonableness of the November 20 bill. Therefore, the Court holds Mr. Hoss is likely to prevail at a hearing on the merits for payment of his $437.00 bill.

Finally, as to attorney's fees, the parties agreed to stay a determination on this issue until the Compensation Hearing because the case is at an interlocutory stage and unusual circumstances do not exist.

## IT IS THEREFORE, ORDERED AS FOLLOWS:

1. ASR shall reimburse Mr. Hoss for mileage at the rate of $.47 per mile for 1,956 miles or $919.32.

2. ASR shall pay Dr. Lorio's $437.00 medical bill directly to the provider.

3. The Court reminds the parties that this case is set for a Compensation Hearing on **November 7, 2019, at 10:00 a.m. Eastern Time** in the Gray, Tennessee Courtroom of the Court of Workers' Compensation Claims at **5788 Bobby Hicks Highway, Gray, TN 37615.**

4. Unless an interlocutory appeal of this Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please

2

contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED July 17, 2019.**

/S/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Mr. Hoss's affidavit
2. Dr. Lorio's bill

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Motion for Contempt
4. Employer's Response to Motion
5. Order Denying Motion for Contempt
6. Motion for Expedited Hearing
7. Amended Motion for Expedited Hearing
8. Request for Expedited Hearing

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on July 17, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Frank Slaughter, Jr., Employee's Attorney | | | X | flsjrlaw@yahoo.com |
| Brent Morris, Employer's Attorney | | | X | bmorris@wimberlylawson.com rfiorello@wimberlylawson.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

3



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

### * Attach an additional sheet for each additional Appellee *

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]     _____

LB-1099   rev. 10/18                    Page 2 of 2                    RDA 11082



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

| | | | | |
|---|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                               RDA 11082